**WO**                                                                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Dale Date, | No. CV 07-368-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Petitioner Tracy Dale Date, who is confined in the Arizona State Prison Complex in Winslow, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

Petitioner was convicted in Mohave County Superior Court, case #CR-2000-0597, of conspiracy to commit first-degree murder and conspiracy to commit escape. He was sentenced to a 25-year-to-life term of imprisonment and a concurrent 7-year term of imprisonment. In his Petition, Petitioner names Dora B. Schriro as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises 24 grounds for relief.

In Ground I, Petitioner alleges a Fourteenth Amendment due process violation based on the State's failure to prove the statutory requirement of law beyond a reasonable doubt. In Ground II, he asserts a Fourth Amendment violation because the trial court failed to suppress evidence found when the police lacked probable cause to arrest him and then search

**TERMPSREF**

1  the vehicle in which he was a passenger. In Ground III, he alleges a Fourteenth Amendment
2  violation because the trial judge failed to recuse himself.

3  In Ground IV, Petitioner claims he was denied his Sixth Amendment right to confront
4  and cross-examine witnesses because the trial court denied a motion to sever his case from
5  that of his co-defendants. In Ground V, he alleges that his Fifth Amendment right against
6  double jeopardy was violated because the indictment was multiplicitous and the State failed
7  to dismiss one of the conspiracy counts before trial. In Ground VI, he asserts a Fourteenth
8  Amendment violation based on the trial court's erroneous admission of hearsay evidence.

9  In Grounds VII through XVI, Petitioner alleges that he was denied his Sixth
10 Amendment right to the effective assistance of trial counsel because trial counsel failed to:
11 file a motion to reconsider based on Evanchyk v. Stewart (Ground VII); properly and timely
12 request a change of the trial judge (Ground VIII); object to the State's multiplicitous
13 indictment (Ground IX); object to the admission of co-conspirator statements (Ground X);
14 properly advise Petitioner of the legal ramifications of the State's plea offer (Ground XI);
15 interview witnesses before trial (Ground XII); request an adequate instruction pursuant to
16 Richardson v. Marsh (Ground XIII); make five critical legal objections during trial (Ground
17 XIV); request defense jury instructions (Ground XV); and contact an individual before trial
18 in order to demonstrate that Plaintiff was not a member of the conspiracy (Ground XVI).

19 In Grounds XVII through XXIII, Petitioner asserts that he was denied his Sixth
20 Amendment right to the effective assistance of appellate counsel because appellate counsel
21 failed to: properly articulate facts, reasons, and authority "in the appellate brief argument
22 section of [Petitioner's] appeal" (Ground XVII); adequately prepare the record on appeal
23 (Ground XVIII); adequately present the factual record "indicative of evidence adduced at
24 trial that the letter authored by [a] co-defendant . . . did, in fact, directly implicate
25 [Petitioner]" (Ground XIX); properly present facts and argument as to why the denial of a
26 motion to continue amounted to an abuse of discretion (Ground XX); timely present in
27 Petitioner's opening brief to the Arizona Court of Appeals the issue of lack of probable cause
28 to arrest (Ground XXI); adequately present facts and argument regarding the extent to which

1 the multiplicitous indictment prejudiced Petitioner and properly distinguish a case (Ground
2 XXII); and file a motion to reconsider based on Evanchyk v. Stewart, which was decided
3 before the appellate court issued its memorandum decision (Ground XXIII).

4 In Ground XXIV, Petitioner alleges a Fourteenth Amendment violation because, while
5 his direct appeal was pending, the Arizona Supreme decided Evanchyk v. Stewart, a
6 significant change in the law which, if applied in his case, would have changed the outcome
7 in his case.

8 It is unclear whether Petitioner has exhausted his claims. Even assuming that the
9 exhaustion requirement has not been met, it appears that any unexhausted claim may be
10 procedurally barred. In light of the possibility of procedural bar, a summary dismissal would
11 be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
12 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
13 barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

14 **II.  Warnings**
15     **A.  Address Changes**
16 Petitioner must file and serve a notice of a change of address in accordance with Rule
17 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
18 relief with a notice of change of address. Failure to comply may result in dismissal of this
19 action.

20     **B.  Copies**
21 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
22 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
23 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
24 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
25 comply may result in the filing being stricken without further notice to Petitioner.

26     **C.  Possible Dismissal**
27 If Petitioner fails to timely comply with every provision of this Order, including these
28 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

3  **IT IS ORDERED:**

4  (1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order
5  on the Respondent and the Attorney General of the State of Arizona by certified mail
6  pursuant to Rule 4, Rules Governing Section 2254 Cases.

7  (2) Respondents must answer the Petition within 40 days of the date of service.
8  Respondents must not file a dispositive motion in place of an answer but may file an answer
9  limited to relevant affirmative defenses, including but not limited to, statute of limitations,
10 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
11 those portions of the record relevant to those defenses need be attached to the answer.
12 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
13 defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not limited to affirmative
14 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
15 Governing Section 2254 Cases.

16 (3) Petitioner may file a reply within 30 days from the date of service of the
17 answer.

18 (4) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
19 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
20 report and recommendation.

21 DATED this 1st day of March, 2007.

Mary H. Murgula
United States District Judge