**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRACY DALE DATE, ) | No. CV 07-368-PHX-MHM (LOA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| DORA B. SCHRIRO, et al., ) | |
| Respondents. ) | |

Petitioner Tracy Dale Date ("Petitioner"), *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 20, 2007; the Petition raises 24 claims for relief. (Dkt. #1). The Court referred the matter to United States Magistrate Judge Lawrence O. Anderson, who issued a 68-page Report and Recommendation on July 22, 2008, recommending that the Court deny all 24 claims of Petitioner's Petition for Writ of Habeas Corpus. (Dkt. #19). Petitioner filed a written objection to the Report and Recommendation on September 19, 2008. (Dkt. #22).

**I.    STANDARD OF REVIEW**

A district court must review *de novo* the legal analysis in a Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review *de novo* the factual analysis in the Report and Recommendation for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II.     BACKGROUND

Petitioner is currently serving a sentence of life imprisonment with the possibility of parole after serving 25 calendar years for conspiracy to commit first degree murder, A.R.S. §§ 13-1003, 1105. (Dkt. #19, pp. 9-12). After direct appeal and post-conviction review, Petitioner filed the instant Petition for Writ of Habeas Corpus, raising 24 claims for relief. (id., p.15). After reviewing the Petition, Respondents' Answer, and Petitioner's Traverse, Magistrate Judge Anderson issued a detailed Report and Recommendation, recommending that the Court deny the Petition. (id., p.68). Petitioner subsequently objected to the Report and Recommendation on all 24 claims for relief in his Petition. (Dkt. #22).

In his objection, Petitioner simply restates most of his claims for relief and then states that he objects to the Magistrate Judge's denial of his claims and relies on his Traverse to the State's Answer to his Petition for Writ of Habeas Corpus. (id.). However, Petitioner provides substantive objections with respect to two of his claims for relief: (1) that his conviction violates the Fourteenth Amendment because there was insufficient evidence to prove that he and his co-conspirators intended to cause the death of another person (Dkt. #22, pp. 2-7), and (2) that his trial counsel was ineffective in violation of the Sixth Amendment because he advised Petitioner that Petitioner could not be found guilty of conspiracy to commit first degree murder based on conditional intent (id., pp. 12-17).

## III.    DISCUSSION

Petitioner makes a number of objections to Magistrate Judge Anderson's Report and Recommendation without giving any explanation as to why he believes that the Magistrate Judge's legal or factual analysis is incorrect. Specifically, Petitioner gives no

1  explanation for his objections to Grounds II through X and Grounds XI(B) through
2  XXIV.  After a thorough and independent review of those issues as presented, the Court
3  finds itself in agreement with Magistrate Judge Anderson's Report and Recommendation.
4  As such, the Court will adopt the Report and Recommendation on those claims without
5  further discussion and deny Petitioner's Petition for Writ of Habeas Corpus with respect
6  to Grounds II through X and XI(B) through XXIV.
7  However, Petitioner substantively objects to the Magistrate Judge Anderson's
8  Report and Recommendation on Grounds I and XI(A) in his Petition for Writ of Habeas
9  Corpus.  As such, the Court will now turn to those claims for relief.

### A. Ground I - Fourteenth Amendment

In Ground I of his Petition for Writ of Habeas Corpus, Petitioner alleges that his conviction violates the Fourteenth Amendment because there was insufficient evidence to prove that he and his co-conspirators intended to cause the death of another person.  (Dkt. #1, p.15).  In his Report and Recommendation, Magistrate Judge Anderson found that Petitioner's Fourteenth Amendment claim is unexhausted and procedurally barred from federal habeas review, and in the alternative fails on the merits because Petitioner has not established that the state court's resolution of his claim was contrary to or resulted in an unreasonable application of federal law.  (Dkt. #19, pp. 27, 31).

Petitioner appears to concede that his claim is unexhausted and procedurally barred from federal habeas review absent a showing of "cause and prejudice" or "fundamental miscarriage of justice."  See Dkt. #22, p.2 (contending that he "meets both prongs of 'cause and prejudice' as well as 'fundamental miscarriage of justice'").  As discussed in the Report and Recommendation, Petitioner's mere citation to the Fourteenth Amendment on direct appeal was insufficient to exhaust the instant federal claim.  See, e.g., Sumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee").  In addition, the Court agrees with the Magistrate Judge's finding that Petitioner's claim is procedurally barred from federal habeas review; the Court disagrees with Petitioner's assertion that "[i]t is a

- 3 -

1 fundamental miscarriage of justice to affirm a conviction for conspiracy to commit first
2 degree murder based on something less than the required *mens rea* element of specific
3 intent in this case." (Dkt. #22, p.2). However the Court will first turn to the merits of
4 Petitioner's claim, and specifically Petitioner's assertion that the Arizona Court of
5 Appeals's use of Holloway v. United States, 526 U.S. 1 (1999), was "misplaced" and the
6 Court's holding that conditional intent is sufficient to establish the *mens rea* for
7 conspiracy to commit first degree murder violates the Fourteenth Amendment. (Id., p.7).

8 At the time of Petitioner's trial, first degree murder under A.R.S. § 13-1105 was
9 considered a "specific intent" crime, requiring the specific intent to kill another person.
10 See Dkt. #19, p.28; State v. Murray, 184 Ariz. 9, 32 (1995). However, Arizona courts
11 had not yet addressed the question of whether "conditional intent" was sufficient to
12 satisfy the *mens rea* requirement of a "specific intent" crime. See id. at p.29. The
13 Arizona Court of Appeals considered that question on appeal and relied on Holloway and
14 People v. Vandeliner, 481 N.W.2d 787 (Mich. 1992), to hold that Petitioner's claim failed
15 because conditional intent was in fact sufficient under Arizona law to establish the *mens*
16 *rea* for conspiracy to commit first degree murder. See Dkt. #19, p.29. Petitioner argues
17 that Court of Appeals's conclusion is based on an improper extension of the principle
18 espoused in Holloway and is contrary to the Arizona Supreme Court's ruling in Evanchyk
19 v. v. Stewart, 47 P.3d 1114 (Ariz. 2002).

20 As the Magistrate Judge clearly stated, the appropriate standard of review
21 applicable to Petitioner's request for federal habeas relief is whether the state court's
22 adjudication of Petitioner's federal claim "resulted in a decision that was contrary to, or
23 involved an unreasonable application of, clearly established *Federal law*, as determined
24 by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added).
25 As such, to the extent that Petitioner challenges the Arizona Court of Appeals's
26 application of *state law*, e.g., Evanchyk, his claim is not cognizable on federal habeas
27 review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a
28 federal habeas court to reexamine state-court determinations on state-law questions.").

- 4 -

However, in rejecting Petitioner's Fourteenth Amendment claim, the Arizona Court of Appeals also cited to the U.S. Supreme Court's decision in Holloway for the proposition that "a defendant may not negate a proscribed intent by requiring a victim to comply with a condition he has no right to impose; an intent to kill, in the alternative, is nevertheless, an intent to kill." 526 U.S. at 9.  In Holloway, the Supreme Court found that conditional intent satisfied the intent requirement in the federal car-jacking statute, 18 U.S.C. § 2119, which required the defendant to have the requisite intent to commit the crime.  Thus, because Arizona's statute governing conspiracy to commit first-degree murder also required the defendant to have the requisite intent to commit the crime, the Arizona Court of Appeals drew an analogy between the two statutes to find that conditional intent satisfied the intent requirement under A.R.S. § 13-1005.

Despite Petitioner's etymological foray into the uses and misuses of the word "intent," Petitioner offers no sufficient explanation for why the Arizona Court of Appeals's application of the principle espoused in Holloway to Arizona's statute governing conspiracy to commit first-degree murder was contrary to or resulted in an unreasonable application of federal law.  Petitioner merely states that "Holloway is a completed offense under a federal car-jacking statute (18 U.S.C. § 2119) whereas the instant case is an Arizona conspiracy (a preparatory offense governed by A.R.S. § 13-1003) (A.R.S. § 13-1105)." Dkt. #22, p.3.  However, Petitioner appears to confuse *mens rea*, the intent element, with *actus reus*, the objective element of a crime; the issue before the Arizona Court of Appeals was whether "conditional intent" was sufficient to satisfy the *mens rea* requirement of a "specific intent" crime.  Petitioner cites the Court to no authority to support his contention that the Arizona Court of Appeals's citation to the Supreme Court's statement in Holloway resulted in an unreasonable application of federal law.  As such, the Court finds that even if Petitioner's claim was not procedurally barred, it would fail on the merits; the Court agrees with the Report and Recommendation.

///

///

### i. Procedural Bar

If a federal constitutional claim can no longer be in state court due to a failure to follow the prescribed procedure for presenting such an issue, the claim is procedurally barred and the petition must be denied. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991). As discussed above, and in the Report and Recommendation, Petitioner did not present Ground I and most of his other federal claims to the state courts in a sufficient manner, and any attempt to now return to state court to present those claims would be futile because they would be procedurally barred pursuant to Arizona law. See Dkt. #19, pp. 22-23, 63-68. Because Petitioner has procedurally defaulted his claim for relief in Ground I, among others, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." See, e.g., Cook v. Schriro, 516 F.3d 802, 827-29 (9th Cir. 2008).

To establish "cause," a petitioner must establish that some objective factor external to the defense, such as interference by state officials, a showing that the factual or legal basis for a claim was not reasonably available, or constitutionally ineffective assistance of counsel, impeded his efforts to comply with the state's procedural rules. Id. And to establish "prejudice," Petitioner must show actual harm resulting from a constitutional violation or error. Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984). However, whether a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

Petitioner argues that "cause" is shown here because of ineffective assistance of counsel due to his appellate counsel's failure to raise his Fourteenth Amendment claim on direct appeal. However, before an ineffective assistance of counsel claim can be considered "cause" to excuse the procedural default of another constitutional claim, the petitioner must have fairly presented the ineffective assistance of counsel claim in state court as an independent claim. But the record reflects that Petitioner did not properly exhaust in state court a claim that appellate counsel was ineffective for failing to properly

1  raise his claim on direct appeal, and thus any deficiency in counsel's representation
2  cannot excuse Petitioner's procedural defaults on this claim. The Court agrees with the
3  Report and Recommendation.
4  　　　Petitioner also argues that he is asserting a claim of actual innocence and has
5  satisfied the requirement to show a "fundamental miscarriage of justice." Dkt. #22, p.2.
6  To establish a "fundamental miscarriage of justice," Petitioner must establish that it is
7  more likely than not that no reasonable juror would have found him guilty beyond a
8  reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995).
9  However, despite his assertions that failure to consider his claims will result in a
10 fundamental miscarriage of justice, Petitioner points to no newly discovered evidence
11 such that no reasonable juror would have found him guilty beyond a reasonable doubt.
12 Petitioner merely discusses the Arizona Court of Appeals's alleged constitutional
13 violation, discussed above, of finding that "conditional intent" is sufficient to convict a
14 person of the crime of conspiracy to commit first degree murder. Further, there is no
15 evidence that the jury convicted Petitioner of conspiracy to commit first degree murder
16 based solely on conditional intent. See Dkt. #19, p.63. As such, Petitioner has not
17 established a fundamental miscarriage of justice and shown that a constitutional violation
18 has occurred and resulted in the conviction of one who is actually innocent. The Court
19 agrees with the Report and Recommendation.
20 　　　**B.　　Ground XI(A) - Sixth Amendment**
21 　　　This claim is properly before the Court on federal habeas corpus relief. See Dkt.
22 #19, p.57. In Ground XI(A) of his Petition, Petitioner alleges that his trial counsel was
23 ineffective in violation of the Sixth Amendment because counsel advised Petitioner that
24 he could not be found guilty of conspiracy to commit first degree murder based on
25 conditional intent. (Dkt. #19, p.57). Petitioner alleges that based on counsel's erroneous
26 advice, he rejected the State's plea offer, and had counsel correctly interpreted the law,
27 Petitioner "could have made a knowing, voluntary and intelligent decision whether or not
28 to proceed to trial and avoid a life sentence." (Dkt. #1, p.15).

- 7 -

As Magistrate Judge Anderson detailed in his Report and Recommendation, to establish ineffective assistance of counsel, Petitioner must establish that: (1) counsel's performance fell below objective standards of reasonableness and fell "outside the wide range of professionally competent assistance," and (2) that counsel's performance prejudiced Petitioner by creating "a reasonable probability that absent the errors the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Hill v. Lockhart, 474 U.S. 52, 58 (1985); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

To establish prejudice in the context of a plea offer, Petitioner must demonstrate that "but for counsel's error, he would have pleaded guilty and would not have insisted on going to trial." Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002) (citation omitted). Although Petitioner asserted in his Petition only that "[h]ad counsel correctly interpreted the law, [he] could have made a knowing, voluntary and intelligent decision whether or not to establish prejudice," Dkt. #1, p.15, Petitioner now alleges in his objection to the Report and Recommendation that he "most definitely would have signed a plea agreement for a six year sentence to avoid being sentenced to life in prison had he been properly informed by trial counsel that there was even the slightest possibility of a conviction as to Count I." Dkt. #22, p.17. But Strickland requires that a petitioner establish a "reasonable probability" of prejudice, showing evidence "sufficient to undermine confidence in the outcome." 466 U.S. at 694. Here, Petitioner offers no evidence other than his own self-serving statements that but for counsel's failure to tell him that there was some possibility that he could be found guilty of conspiracy to commit first degree murder based on conditional intent, he would have pled guilty and not insisted on going to trial.

Still, Petitioner is correct that "in cases such as this where the question turns on the motivation of the defendant – that is, what would the defendant have done if supplied with accurate information – the amount of objective evidence will quite understandably

1  be sparse." Lewandowski v. Makel, 949 F.2d 884, 889 (6th Cir. 1991).  However, in
2  Lewandowski, the defendant had already initially entered a plea agreement, and then
3  withdrew his plea based on his counsel's alleged ineffective assistance.  Id. at 888-89.
4  The Sixth Circuit found that the fact that the defendant had already accepted a plea was
5  sufficient objective evidence to support his contention that but for his counsel's error, he
6  would have pled guilty rather than insisted on going to trial.  That is not the case here;
7  there is no evidence other than Petitioner's own self-serving statement that he would have
8  accepted the plea had his counsel informed him of the possibility of conviction.  In fact,
9  as the Magistrate Judge pointed out, Petitioner, in his Petition, merely stated that had
10 counsel informed him correctly, he could have made a knowing decision on whether or
11 not to proceed to trial.  That statement belies Petitioner's current insistence that he "most
12 definitely would have signed a plea agreement" but for counsel's alleged error.  As such,
13 the Court agrees with the Report and Recommendation and finds that Petitioner has not
14 established prejudice under Strickland v. Washington.

15      Moreover, it is "universally recognized" that "an attorney is not liable for an error
16 of judgment on an unsettled proposition of law"; "giving . . . legal advice that later is
17 proven to be incorrect [ ] does not necessarily fall below the objective standard of
18 reasonableness."  Smith v. Singletary, 170 F.3d 1051, 154 (11h Cir. 1999).  At the time of
19 Petitioner's trial in 2001, Arizona courts had not addressed whether "conditional intent"
20 satisfied the mens rea of a "specific intent" crime, and the States that had addressed that
21 issue were split; Arizona law was unsettled on this issue.  See Dkt. #19, pp. 60-61.  As
22 such, counsel's advice to Petitioner that he could not be found guilty of conspiracy to
23 commit first degree murder based on conditional intent in Arizona at that time did not fall
24 below an objective standard of reasonableness.  See id., pp. 61-62.  The Court agrees with
25 the Report and Recommendation, see Dkt. #22, pp.60-62, and finds the counsel's advice
26 to Petitioner did not fall below an objective standard of reasonableness.

27
28

**Accordingly,**

**IT IS HEREBY ORDERED** that Petitioner's objections to Magistrate Judge Anderson's Report and Recommendation are overruled. (Dkt. #22).

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation is adopted in its entirety. (Dkt. #19).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is DENIED. (Dkt. #1).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED this 25th day of November, 2008.

_____
Mary H. Murguia
United States District Judge